IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PARAGON TANK TRUCK
EQUIPMENT LLC,

                Plaintiff,                             OPINION AND ORDER

     v.                                                  14-cv-69-wmc

PARISH TRUCK SALES, INC. and
VACZILLA TRUCKING, LLC,

                Defendants.

---

In this civil action, plaintiff Paragon Tank Truck Equipment, LLC, asserts breach of contract and conversion claims against defendants Parish Trucks Sales, Inc. and Vaczilla Trucking, LLC based on defendants failure to remit payments for tank trailer parts and accessories sold by plaintiff. (Compl. (dkt. #2-1).) With Vaczilla Trucking's consent, defendant Parish Trucks removed this action to federal court based on this court's diversity jurisdiction, 28 U.S.C. § 1332(a), and pursuant to 28 U.S.C. § 1446. (Not. of Removal (dkt. #2) ¶¶ 1, 6.) Because the allegations in the complaint and notice of removal are insufficient to determine if jurisdiction is proper, Parish Trucks will be given an opportunity to file an amended notice of removal containing the necessary factual allegations to establish diversity jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted).

1

Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, defendant contends that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Not. of Removal (dkt. #2) ¶ 6.)[1] For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Unfortunately, defendant's allegations as to all three parties prevent this court from determining whether this is so.

"The citizenship of an LLC is the citizenship of each of its members," yet Parish Truck has neither alleged the citizenship of plaintiff's members nor of the co-defendant Vaczilla Trucking, LLC's members, making it impossible to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Instead, Parish Truck alleges only that Paragon Truck is a "resident of the State of Wisconsin," relying on the complaint's allegation that it is a "limited liability company

---

[1] The complaint seeks payment in the total amount of $75,068.59, exclusive of interest and late payment penalties. (Compl. (dkt. #2-1) ¶ 5.)

with a business location" in Milwaukee, Wisconsin, and a "parts shipping location" in Stoughton, Wisconsin. (Not. of Removal (dkt. #2) ¶ 7; Compl. (dkt. #2-1) ¶ 1.) Similarly, Parish Truck alleges that Vaczilla Trucking is a "limited liability company organized and existing under the laws of the State of North Dakota, with its principal place of business in Bismarck, North Dakota." (Not. of Removal (dkt. #2-1) ¶ 9.) As the Seventh Circuit has instructed, however, this information is wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Parish Truck's allegation of its own citizenship is also inadequate. While it alleges its principal place of business as Louisiana, it fails to identify its place of incorporation. Both are necessary to determine the citizenship of a corporation. 28 U.S.C. § 1332(c)(1).

Before dismissing this action for lack of subject matter jurisdiction, Parish Truck will be given an opportunity to file within 14 days an amended notice of removal that establishes subject matter jurisdiction by alleging the names and citizenship of each member of the LLC parties, as well as its own state of incorporation. In alleging the citizenship of LLC parties, Parish Truck should be aware that if the member or members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must be alleged as well. *See Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

ORDER

IT IS ORDERED that:

1) defendant Parish Truck Sales, Inc. shall have until March 6, 2014, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 20th day of February, 2014.

                          BY THE COURT:

                          /s/

                          _____
                          WILLIAM M. CONLEY
                          District Judge