IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PARAGON TANK TRUCK
EQUIPMENT LLC,

        Plaintiff,

v.

PARISH TRUCK SALES, INC. and
VACZILLA TRUCKING, LLC,

        Defendants.

OPINION AND ORDER

14-cv-69-wmc

---

Before the court is defendants' counsel's Attorney Vincent James Booth's Motion to Admit *Pro Hac Vice*. (Dkt. #1.) On February 5, 2014, plaintiff's counsel Attorney James E. Hammis filed an unsigned brief in opposition to this motion. (Dkt. ##3, 4.) The clerk's office instructed plaintiff's counsel to refile, but he has still not done so. Moreover, the brief in opposition is largely nonsensical. Plaintiff's counsel appears to be opposing Attorney Booth's admission because Booth has the potential to be involved as a material witness in a potential criminal investigation. Hammis offers no evidence to support these allegations, and even if he did, "potential" involvement as a witness in a "potential" criminal investigation is not only far too speculative a basis to bar Booth's admission *pro hac vice* to this court, it is no basis at all since Hammis concedes he has no evidence that Booth personally did anything wrong *and* he would otherwise only be disqualified from representing Parish Truck if he was expected to testify in *this* civil case on a contested issue. *See* Wis. R. of Prof. Conduct 3.7 (2011-12).

This court has adopted a local rule governing the admission of lawyers, which provides in pertinent part:

> A. Any lawyer licensed to practice before the highest court of any state of the District of Columbia is eligible for admission to practice in this court.
>
> . . .
>
> C. Any lawyer eligible for membership in the bar of this court may, upon payment of the prescribed pro hac vice fee, move the court to proceed in a particular matter without becoming a member of the bar of this court.

W.D. Wis. R. 1 (L.R. 83.5).

In his motion for admission *pro hac vice*, Attorney Booth represents that he is an "attorney in good standing licensed to practice in [the] State of Louisiana," (dkt. #1), a representation seemingly confirmed by the website for the State Bar of Louisiana, which lists him as an active member. *See* http://www.lsba.org/public/membershipdirectory.aspx (last visited February 28, 2014). Accordingly, Attorney Booth meets the admittedly low bar for admission to this court, and his motion for admission *pro hac vice* will be granted.

Attorney Booth also submitted a reply in support of his motion for admission, providing the court with background information about this case. (Dkt. #7.) While the court need not consider this submission in granting his motion for admission *pro hac vice*, an order from the Eastern District of Wisconsin attached to that reply raises concerns that the court would be remiss in failing to flag. (Dkt. #7-1.) In the order, Judge Adelman noted "two defects in the jurisdictional allegation of the notice of removal," requiring the defendant in that action -- the same defendant as here -- to supply certain missing information. (*Id.* at 1.) The court recently issued an order requiring the

defendants in this case to supply *the exact same information* in the notice of removal submitted here. (Dkt. #8.) In light of this, the court will order defendants to show cause as to why a monetary sanction should not be imposed in light of defendants' failure to include the necessary information in its present notice of removal.

## ORDER

IT IS ORDERED that:

1) Attorney Vincent James Booth's motion to admit *pro hac vice* (dkt. #1) is GRANTED; and

2) On or before March 10, 2014, defendants shall file a response to the court's order to show cause described above.

Entered this 3rd day of March, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge