IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PARAGON TANK TRUCK
EQUIPMENT, LLC,

      Plaintiff,      ORDER

 v.                14-cv-069-wmc

PARISH TRUCK SALES, INC. and
VACZILLA TRUCKING, LLC,

      Defendants.

---

   In this civil action, plaintiff Paragon Tank Truck Equipment, LLC ("Paragon") brings claims for breach of contract and conversion, alleging that defendant Parish Truck Sales, Inc. ("Parish Truck") took possession of, but did not pay for, tank trailer parts and accessories. While Paragon filed the original suit in the Circuit Court for the State of Wisconsin, Dane County on January 8, 2014, Parish Truck filed a notice of removal on February 4, 2014, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). On February 20, 2014, the court concluded that Parish Truck's notice of removal was defective and ordered it to submit an amended notice properly alleging the parties' citizenship. (Opinion & Order (dkt. #8).) In accordance with that order, Parish Truck filed an amended notice of removal on March 4, 2014. (*See* dkt. #14.)

   On March 7, 2014, Paragon objected to the amended notice and subsequently filed a formal motion to remand. (Dkt. #23.) In support, Paragon argues that: (1) co-defendant Vaczilla Trucking, LLC ("Vaczilla") did not consent to the removal as required by 28 U.S.C. § 1446(b)(2)(A); (2) the notice of removal was untimely; and (3) Parish Truck's allegations of citizenship cannot be assessed for their accuracy.

Section 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." Here, both the notice of removal and the amended notice states that Parish Truck contacted Vaczilla's principal, Rocky Ditcharo, who indicated that he and Vaczilla consented to the removal. In its motion to remand, Paragon represents that its attorney later contacted Ditcharo and was told that Ditcharo had *not* given Parish Truck permission to consent on his behalf. There is no need to resolve this apparent factual dispute, however, since the notice suffers from a more basic flaw. In the Seventh Circuit, a statement that all defendants consent is not sufficient for the purposes of section 1446(b)(2)(A); a petition for removal requires that all defendants support the petition *in writing*. *See Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994), *abrogated on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

Since no one claims that Vaczilla gave written consent, the notice would appear defective – unless, of course, Vaczilla need not have consented at all to the notice of removal because it had not yet been served, as required by the plain language of the statute. *See P. P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968). Here, Paragon admits in its motion to remand that Vaczilla was not served until February 12, 2014, eight days *after* the original notice of removal was filed. (*See* Mot. Remand (dkt. #23) 2.) Moreover, the record makes clear that Paragon's representation is accurate. (*See* dkt. #24-2 (proof of service on Vaczilla dated Feb. 12, 2014 at 1:50 P.M.).)

2

There was, therefore, no need for Vaczilla to consent to the removal, rendering any question of an improper consent moot.[1]

There is still the problem that Paragon's notice and amended notice of removal fails to plead that Vaczilla had not yet been served, but this flaw, too, is not fatal. "When the state court record reveals a jurisdictional fact, albeit imperfectly stated, which is essential to removal and which has been omitted from the four corners of the removal petition, an amendment of the petition is permissible to correct the defect." *N. Ill. Gas Co. v. Airco Indus. Gases, a Div. of Airco, Inc.*, 676 F.2d 270, 274 (7th Cir. 1982). Accordingly, it seems appropriate for the court to grant leave to amend the removal petition to explain why Vaczilla's proper consent was not required for removal purposes.[2]

Next, Paragon argues that the amended notice of removal is untimely. A notice of removal must be filed within thirty days of a defendant's receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). Here, Parish Truck received a copy of the complaint via

---

[1] Paragon's objection might be relevant if, once properly served, Vaczilla had to consent to the removal after the fact, but Paragon neither offers authority for this proposition nor even advances such an argument. Moreover, the court has found no support for Paragon's position. On the contrary, the only cases the court has found on this point support the opposite proposition. *See Lewis v. Rego Co.*, 757 F.2d 66, 69 (3d Cir. 1985) ("the removal statute contemplates that once a case has been properly removed the subsequent service of additional defendants who do not specifically consent to removal does not require or permit remand on a plaintiff's motion"); *Diversey, Inc. v. Maxwell*, 798 F. Supp. 2d 1004, 1005-06 (E.D. Wis. 2011) (defendant properly amended notice of removal to indicate other defendants had not yet been served and did not need to consent; there was no requirement that defendants consent after being served) (citing *Lewis*, 757 F.2d at 69). Instead of requiring each defendant's consent after the fact, the Eastern District held in *Diversey* that an unserved defendant "retains the right to veto the removal by moving to remand once he is served with process and makes an appearance in the case," pursuant to 28 U.S.C. § 1448. 798 F. Supp. 2d at 1006. Since these issues are not properly before the court, however, the court expresses no opinion.

[2] The court also suspects that Vaczilla, as a "third party payee" against whom Paragon has not actually asserted any claims, is a nominal party, which would similarly obviate the need for its consent. *See N. Ill. Gas Co.*, 676 F.2d at 272 ("Nominal parties, however, are disregarded for removal purposes and need not join in the petition."). Because Parish Truck's stated grounds for removal (in the notices) do not make this claim, however, the court will not rely on that basis for denying the motion to remand.

e-mail on January 8, 2014 (although it was not served until January 28) and filed its notice of removal in this court on February 4, 2014, within the thirty-day timeframe. (*See* dkt. #2.) This complies with the statute. The fact that Parish Truck's *amended* notice of removal was not filed until March 6 is irrelevant: "even after the thirty days [provided by § 1446(b)(1)] have elapsed, amendments to correct 'defective allegations of jurisdiction' are permitted under 28 U.S.C. s[.] 1653."[3] *N. Ill. Gas Co.*, 676 F.2d at 273.

Paragon also argues that the amended notice for removal does not contain documents supporting the new jurisdictional allegations about Vaczilla. Absent some evidence that the allegations are in fact untrue, however, the court will not remand on Paragon's mere assertion that the notice *may* have inaccurately described the citizenship of Vaczilla's members. To date, the only "evidence" Paragon has submitted is a business records search that lists a registered agent of Vaczilla located in Bismarck, North Dakota, which is wholly immaterial to the allegation that Vaczilla Trucking LLC's two members are both individuals domiciled in Louisiana. *See Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007) ("[T]he citizenship of an LLC is the citizenship of each of its members.").

Finally, the amended notice of removal alleges that "it appears the members of Paragon Tank Truck Equipment, LLC are citizens of the states of Texas, Georgia, and Wisconsin. There is no indication that Paragon . . . has any members who are citizens of the State of Louisiana." This representation arguably falls short of an allegation made in

---

[3] "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.

good faith, even upon information and belief, but the court will also allow defendants one more chance to get it right.

Although the court finds Parish Truck's notice of consent defective, it is not "so defective as to be incurable." *N. Ill. Gas Co.,* 676 F.2d at 273 (quoting *Kinney v. Columbia Sav. & Loan Assoc.,* 191 U.S. 78, 80 (1903)). Therefore, Parish Truck may have 10 days to cure the defects in its notice of removal. If it successfully does so, the court will then proceed to take up the pending motion to dismiss for lack of personal jurisdiction. On the other hand, a failure to meet *all* of the requirements of an effective notice of removal in this third attempt will result in summary remand of this case for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that:

1) plaintiff Paragon Tank Truck Equipment, LLC's motion to remand (dkt. #23) is DENIED;

2) defendant Parish Truck Sales, Inc. shall have until June 27, 2014, to file and serve an amended notice of removal (1) explaining why Vaczilla's proper consent was not required for removal purposes and (2) containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

3) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 17th day of June, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge