IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

PARAGON TANK TRUCK
EQUIPMENT, LLC,

                     Plaintiff,                     OPINION & ORDER

    v.

                                                        14-cv-069-wmc

PARISH TRUCK SALES, INC. and
VACZILLA TRUCKING, LLC,

                     Defendants.
_____

      Plaintiff Paragon Tank Truck Equipment, LLC ("Paragon") filed this suit in Dane County Circuit Court, alleging that defendant Parish Truck Sales, Inc. ("Parish Truck") failed to pay for tank trailer parts and accessories, then resold them without authorization. Parish Truck removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332, but failed to allege properly the citizenship of Paragon, a limited liability company, or its own state of incorporation. Accordingly, the court ordered Parish Truck to amend its notice of removal to correct those defects and ensure complete diversity.[1] (Dkt. #8.) Upon Paragon's subsequent motion to remand, the court also ordered Parish Truck to correct its notice of removal a second time to indicate why Vaczilla Trucking, LLC ("Vaczilla") need not have consented to removal pursuant to 28 U.S.C. § 1446(b)(2)(A). (Dkt. #46.)

---

[1] This is not the first time Parish Truck has erred in alleging its own citizenship as well as that of Paragon. Paragon filed an earlier case in state court in Milwaukee, which Parish Truck removed. Its error in that removal was identical to the errors made here. As a result, in its order of March 3, 2014, the court ordered Parish Truck to show cause as to why it should not impose monetary sanctions. Counsel for Parish Truck has since indicated that he has no justification and that the incomplete allegations as to citizenship were due to his own error. (Dkt. #15.) As counsel has taken ownership of his mistake and corrected his notice of removal the court will not impose monetary sanctions.

In this opinion, the court will briefly review Parish Truck's second amended notice of removal to ensure it has diversity jurisdiction and address the merits of Paragon's motion to dismiss.

## JURISDICTION

Parish Truck alleges that it is a corporation organized under the laws of the state of Louisiana and that its primary place of business is likewise in Louisiana. Based upon diligent investigation, it also makes the good faith allegation that Paragon's members are citizens of the states of Texas, Georgia and Wisconsin and that Paragon has no members who are citizens of Louisiana.[2] Finally, the amount in controversy in this suit, excluding interest and penalties, is $75,068.59, as alleged in Paragon's complaint. (*See* 2d Am. Not. Removal (dkt. #47) ¶ 7; Compl. (dkt. #2-1) ¶ 5.) At least based on the pleadings, the court is satisfied that complete diversity exists and will proceed to consider the merits of the pending motion to dismiss this suit for lack of personal jurisdiction.

## ALLEGATIONS OF FACT

Paragon is a limited liability company with a business location in Milwaukee, Wisconsin, and a parts shipping location in Stoughton, Wisconsin. Parish Truck is a corporation that sells new and used trucks from its two locations in St. Rose, Louisiana and

---

[2] Parish Truck does not allege the citizenship of Vaczilla's members, but *does* allege that Vaczilla is only a nominal party as a "third-party payee." Nominal parties do not affect diversity jurisdiction, *see Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 850 (7 Cir. 1996), nor need they join in a petition for removal, *N. Ill. Gas. Co. v. Airco Indus. Gases, a Div. of Airco, Inc.*, 676 F.2d 270, 274 (7 Cir. 1982). According to the complaint, Vaczilla allegedly purchased from Parish Truck the same tank trailer parts and accessories for which Parish Truck allegedly failed to pay Paragon. It has no other role in this case, and Paragon seeks no relief from Vaczilla. There is, therefore, "no reasonable basis for predicting that it will be held liable" to Paragon, making it a nominal party. *Estate of Pickard ex rel. Pickard v. Wis. Central Ltd.*, 300 F. Supp. 2d 776, 778 (W.D. Wis. 2002) (quoting *Vandervest v. Wis. Central Ltd.*, 936 F. Supp. 601, 604 (E.D. Wis. 1996)). Thus, Vaczilla's citizenship appears irrelevant to diversity jurisdiction.

Lafayette, Louisiana.  Parish Truck has no business locations outside of Louisiana, nor has it ever had any offices, facilities, employees, agents or representatives in Wisconsin.  Parish Truck is also not authorized to do business in Wisconsin and has not sought the authority to do so.  It does not have bank accounts or assets in Wisconsin.  Parish Truck does, however, maintain a website, which can be accessed via a Google search and which does not contain a disclaimer preventing potential Wisconsin customers from contacting it.

The business relationship at issue in this case began in or around February of 2012, when Paragon's Regional Sales Manager Phillip Nichols visited Parish Truck's facility in Louisiana, although apparently Parish Truck "approached" Paragon sometime in 2010 in an attempt to become a Paragon dealer.  (*See* Rick Irons Aff. (dkt. #39) ¶ 6.)  The parties present no additional facts with respect to this 2010 meeting, and without more, it has no apparent bearing on the claims in this case.

In March of 2012, Nichols made a presentation at Parish Truck's St. Rose facility, during which he solicited its business.  At some point, a second Paragon representative, Sid Azhar, also visited Parish Truck's facility regarding its purchase of Paragon products.  Parish Truck never sent employees or representatives to Wisconsin in connection with any deals it made, including the ones at issue in this lawsuit.  In fact, Paragon's invoices and the business cards and e-mail signatures of its representatives all suggest that Paragon was based in *Georgia*, not Wisconsin.  (*See* Def.'s Br. Ex. A (dkt. #10-1); *id.* at Ex. B (dkt. #10-2); Compl. Ex. A (dkt. #2-1) ECF 8-16 (invoices listing Paragon's address as a P.O. Box in Cartersville, Georgia).)

Sometime in July of 2012 or before, Paragon and Parish Truck entered into a series of commercial transactions in which Paragon sold Parish Truck various tank trailer parts

and accessories, subject to the terms and conditions listed on Paragon's invoice. At all times before July of 2012, Parish Truck paid Paragon's invoices in accordance with those terms. Upon receipt of payment, Paragon reconciled each of those invoices at its corporate location in Milwaukee. On or after July 17, 2012, Paragon shipped, and Parish Truck received, various products as described in nine invoices, which are attached to Paragon's complaint. (*See* Compl. Ex. A (dkt. #2-1) ECF 8-16.) Cumulatively, the value of those products was $75,068.59. Paragon does not indicate whether it shipped those goods from Wisconsin.

Parish Truck allegedly failed to pay those nine invoices. Paragon then made written and verbal demands that Parish Truck either remit payment, return the goods for which it had not paid, or both. To date, Parish Truck has allegedly neither paid these invoices, nor returned any of the goods. In addition to the invoices' face value of $75,068.59, interest and late penalties are now due and owing in the amount of $2,976.12.

In December of 2012, plaintiff filed suit in Milwaukee County, and defendant removed that case to the District Court for the Eastern District of Wisconsin. In that action, Parish Truck contended as a defense that the goods were unusable, but continued to refuse to return them. That case was ultimately dismissed without prejudice.

On or about April 19, 2013, Vaczilla contacted Paragon and advised it that Vaczilla had recently purchased the goods in question from Parish Truck. Paragon had neither consented to nor authorized that sale. Vaczilla sought shipment of various parts from Paragon so that it could attach the goods it had purchased to its own equipment. On or about May 22, 2013, Paragon shipped the requested parts from its Stoughton, Wisconsin facility to Vaczilla.

OPINION

As the plaintiff, Paragon has the burden of proving that personal jurisdiction exists. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997) (citing *McIlwee v. ADM Indus., Inc.*, 17 F.3d 222, 223 (7th Cir. 1994)). In resolving this motion to dismiss, the court accepts as true all undisputed factual assertions that plaintiff Paragon makes and resolves all disputes of relevant facts in Paragon's favor. *Neiman v. Rudolf Wolff & Co., Ltd.*, 619 F.2d 1189, 1190 (7th Cir. 1980). Because Parish Truck has submitted affidavits and other evidence contesting personal jurisdiction, however, Paragon must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003). Since the court did not hold an evidentiary hearing, Paragon need only establish a *prima facie* case of personal jurisdiction. *Id*. at 782.

In diversity cases like this one, a federal district court has personal jurisdiction "only if a court of the state in which it sits would have such jurisdiction." *Id.* (quoting *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995)). The inquiry is, therefore, a two-step process. *First*, the court must determine whether the Wisconsin long-arm statute, Wis. Stat. § 801.05, would subject Simi Valley to personal jurisdiction in Wisconsin courts. *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1216 (7th Cir. 1990). *Second*, if the answer is yes, the court must determine whether the exercise of personal jurisdiction under § 801.05 would violate the due process requirements of the Fourteenth Amendment. *Id.*

As an initial matter, it is unclear what subsection of § 801.05 Paragon is invoking to support the exercise of this court's jurisdiction over Parish Truck. Paragon refers to § 801.05(1)(d), which provides that a court has personal jurisdiction against a defendant

5

who is "engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise." However, this section contemplates "not just an isolated transaction but 'substantial' activities which are 'continuous and systematic.'" *Modern Cycle Sales, Inc. v. Burkhardt-Larsen Co.*, 395 F. Supp. 587, 589 (E.D. Wis. 1975). Paragon has entirely failed to meet its burden under this section, having identified *no* Wisconsin activities in which Parish Truck has engaged, let alone activities that are "continuous and systematic."

Paragon also invokes § 801.05(5)(d), which provides for personal jurisdiction in an action that "[r]elates to goods, documents of title, or other things of value shipped from this state by the plaintiff to the defendant on the defendant's order or direction." This would seem the most likely source of personal jurisdiction. Indeed, had Paragon shipped the goods described in the nine unpaid invoices *from Wisconsin* at Parish Truck's behest, that would likely support this court's jurisdiction over Parish Truck under the long-arm statute. *See Shared Med. Equip. Grp., LLC v. Simi Valley Hosp. & Healthcare Servs.*, -- F. Supp. 2d --, No. 13-cv-631-wmc, 2014 WL 713108, at *3 (W.D. Wis. Feb. 25, 2014); *Johnson Litho Graphics of Eau Claire, Ltd. v. Sarver*, 2012 WI App 107, ¶ 12, 344 Wis. 2d 374, 824 N.W.2d 127.

However, Paragon does not even *allege* this is the case, much less offer the evidence required to make its *prima facie* showing. Instead, the complaint is entirely silent as to the shipping location of the goods at issue. (*See* Compl. (dkt. #2-1) ¶ 5.) The invoices relating to those shipments are similarly of no help, describing Paragon as located in Cartersville, Georgia and indicating that the shipments in question are "F.O.B." "Cartersville GA." (Compl. Ex. A (dkt. #2-1) ECF 8-16.) Indeed, nowhere in any of Paragon's materials does

6

it challenge Parish Truck's contention that the nine shipments upon which Paragon's current lawsuit is based came from somewhere other than Wisconsin.[3]

The only shipment from Wisconsin that Paragon apparently made was the shipment of the parts *Vaczilla* later ordered. This lawsuit does not "relate to" those goods in any way. Indeed, Paragon's decision to name Vaczilla as a "third party payee" appears to be a calculated attempt to obscure the lack of shipments from this state to Parish Truck by referring to irrelevant shipments from Wisconsin to this entirely different company. Thus, Paragon has not demonstrated personal jurisdiction over Parish Truck is proper under § 801.05(5).

Even if Paragon had met its burden under the long-arm statute, personal jurisdiction would still be improper under general considerations of due process. Personal jurisdiction exists in two forms: general and specific. *Logan Prods., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996). General jurisdiction is proper when a defendant has "continuous and systematic business contacts" with a state, permitting plaintiffs to sue the defendant in that state regardless of subject matter. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). For the same reasons there is no long-arm jurisdiction under § 801.05(1)(d), there is no basis for the court's exercise of general jurisdiction here.[4]

---

[3] The court's concern as to Paragon's lack of candor in this regard is heightened by information readily available on the internet, indicating that Paragon has a shipping operation at 2111 U.S. Highway 411 NE, Cartersville, GA 30121.

[4] Paragon appears to argue that because Parish Truck's products are designed for use in long-haul trucking (and thus, in multiple states), Parish Truck is subject to the personal jurisdiction of Wisconsin. While this may subject Paragon to specific jurisdiction wherever its products fail or are the cause of injury, plaintiff's position would essentially subject Parish Truck to personal jurisdiction to *everyone* in *every* location where its products are used. Paragon cites no authority for such a proposition and fails entirely to explain how it could possibly comport with "traditional notions of fair play and substantial justice." The same is true for evidence that Paragon offers suggesting that Parish Truck may be seeking to sell its product via the internet throughout the United States, including Wisconsin. This action *may* subject Parish Truck to specific jurisdiction arising out of particular contacts, but does not subject it to personal

Paragon's only option is specific jurisdiction, which a state may exercise when a defendant has a lesser degree of contact with the state, but the litigation arises out of those contacts. *Id.* (citing *Helicopteros*, 466 U.S. at 414 n.8). Specific jurisdiction exists when a defendant has "minimum contacts" with the forum state -- in this case, Wisconsin -- "by purposefully availing itself of the privilege of doing business in Wisconsin." *Id.*

Plaintiff argues that Parish Truck purposefully established minimum contacts with Wisconsin by ordering $150,000 worth of products from Paragon, a Wisconsin limited liability company, but the Seventh Circuit has already explained that "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." *Lakeside Bridge & Steel Co. v. Mountain State Constr. Co.*, 597 F.2d 596, 600 (7th Cir. 1979). That *Paragon* is located in Wisconsin and may or may not have performed some of its contractual obligations in Wisconsin is not enough. *See id.* at 601 ("performance of contractual obligations by the plaintiff, not the defendant," is insufficient to confer jurisdiction over out-of-state defendant, when contract does not *require* plaintiff to perform in forum state). Paragon does not argue that the terms and conditions applicable to these sales required them to perform in Wisconsin. Nor could it do so credibly, given that it apparently never identified itself as a Wisconsin-based company in the first place, and it offers no proof that it performed any part of the contract here. "Assuming that long-arm jurisdiction has some . . . limits [in the commercial context], surely the defendant whose sole contact with a state is that his seller's place of business is

---

jurisdiction for all purposes, including unrelated collection efforts by one of its vendors. *See be2 LLC v. Ivanov*, 642 F.3d 555, 558-59 (7th Cir. 2011) ("If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not *target*, the forum state, then the defendant may not be haled into court in that state without offending the Constitution") (emphasis added). Since Paragon has presented no evidence that Parish Truck did anything to *target* the Wisconsin market over the internet, its website is of no moment in the personal jurisdiction analysis.

located there is entitled to invoke them." *Jadair, Inc. v. Walt Keeler Co.*, 679 F.2d 131, 134 (7th Cir. 1982).

Finally, while the "question of which party initiated or solicited a business transaction has long been considered pertinent" to personal jurisdiction, *Madison Consulting Grp. v. State of S.C.*, 752 F.3d 1193. 1202 (7th Cir. 1985), Paragon solicited Parish Truck's business, not the other way around. "[C]ontinuing relationships and obligations with citizens of another state" may likewise support a finding of personal jurisdiction, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985), but Paragon has presented no evidence of any ongoing commercial relationship beyond the series of discrete purchases Parish Truck made in 2012. In the end, while Paragon is correct that *physical* presence is unnecessary to support personal jurisdiction, *see Madison Consulting Grp.*, 752 F.2d at 1203-04, Paragon must at least show that Parish Truck purposefully availed itself of the privilege of doing business in Wisconsin, even if at a distance. It has failed to do so.

ORDER

IT IS ORDERED that defendant Parish Truck Sales, Inc.'s motion to dismiss for lack of personal jurisdiction (dkt. #9) is GRANTED.

Entered this 10th day of September, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge